**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISHAN WAHI,<br><br>               Petitioner,<br><br>v.<br><br>YOLANDA PITTMAN, et al.,<br><br>               Respondents. | Civil Action No. 25-2207 (MAS)<br><br>OPINION |

**SHIPP, District Judge**

    This matter comes before the Court on the habeas petition filed by Petitioner Ishan Wahi pursuant to 28 U.S.C. § 2241 (ECF No. 1). The Government filed a response to the petition (ECF No. 10), to which Petitioner replied. (ECF Nos. 11-13, 15-17.) For the following reasons, Petitioner's habeas petition shall be granted and the Government shall be required to provide Petitioner with a bond hearing within seven days.

**I.    BACKGROUND**

    Petitioner is a native and citizen of India who entered the United States on a student visa in January 2022. (ECF No. 1 at 70.) In May 2023, Petitioner was convicted of two counts of conspiracy to commit wire fraud in the Southern District of New York. (*Id.* at 73.) Following his release from federal criminal detention, Petitioner was placed in immigration detention pending removal proceedings on September 27, 2024. (*Id.* at 1-2.) On October 10, 2024, Petitioner appeared before an immigration judge who determined that Petitioner, in light of his criminal

history, was properly detained pursuant to 8 U.S.C. § 1226(c) and therefore was not entitled to a bond hearing. (*Id.* at 77-78.)

At the time Petitioner filed this matter in April 2025, his immigration proceedings were ongoing before an immigration judge. (*See* ECF No. 1.) On August 12, 2025, however, Petitioner's immigration judge rendered a decision, finding that while Petitioner was removable in light of his convictions, he was entitled to both waiver of removal and an adjustment of status. (ECF No. 17 at 5-6.) That decision is not final, however, as the Government has filed an appeal with the Board of Immigration Appeals, which remains pending at this time and is likely to take several months to resolve. (*See* ECF No. 14 at 1; ECF No. 16 at 1-2, 8.) Petitioner argues in his petition and subsequent briefs that he is entitled to a bond hearing as his detention has become unduly prolonged. (*See generally* ECF No. 1.)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2241(c), a federal court has jurisdiction over a habeas petition and habeas relief may be extended to a petitioner only if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.    DISCUSSION

In his habeas petition, Petitioner contends that his ongoing immigration detention, which has lasted for approximately one year, has become unduly prolonged and that the mandatory

detention provision of 8 U.S.C. § 1226(c) violates Due Process as applied to him.[1] Petitioner is subject to mandatory detention under § 1226(c) in light of his conspiracy to commit wire fraud convictions. *See Ojo v. Warden Elizabeth Detention Ctr.*, 808 F. App'x 61, 64 (3d Cir. 2020). Under that statute, the Government is required to detain certain classes of criminal aliens pending a final removal decision. *See Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Aliens detained pursuant to the statute are not entitled to bond hearings, and the statute cannot be interpreted to contain an implicit time limitation on this period of detention. *Id.* at 305-12.

While the Third Circuit has recognized that its prior decisions interpreting the statute to contain an implicit time limitation on bondless detention are no longer valid, the Court of Appeals ruled in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 209 (3d Cir. 2020), that prolonged detention without a bond hearing under the statute may still amount to a violation of the Due Process Clause as applied to a particular alien. The Third Circuit thus held that detention without a bond hearing under § 1226(c) can amount to an unconstitutional application of the statute where the alien's detention becomes so prolonged as to be arbitrary. *Id.* In determining whether detention has become unconstitutionally prolonged, *German Santos* instructs courts to look to several factors – the length of detention and the likelihood that detention

---

[1] Petitioner also contends in a brief filed after this matter was fully briefed that § 1226(c) should no longer apply because the immigration judge found in his favor and that decision should be considered binding in this matter as he would no longer be removable once the immigration judge's order granting adjustment of status goes into effect. Contrary to Petitioner's assertions, however, the immigration judge's findings are not yet final and thus are neither binding or ultimately decisive. The decision of an immigration judge becomes a final decision either when the time to appeal expires without an appeal being filed, or when the BIA renders its decision on the appeal of the immigration judge's decision. *See, e.g.*, 8 C.F.R § 1003.39 (immigration judge's decision becomes final upon waiver of appeal or expiration of time to appeal when not appealed to the BIA); *Yusupov v. Att'y Gen.*, 518 F.3d 185, 195 (3d Cir. 2008) (where an appeal is taken to the BIA, an immigration decision becomes final after the BIA issues a decision which affirms the order). The immigration judge's decision in this matter is thus not a final agency decision as to Petitioner's removability unless and until the BIA decides the Government's appeal in his favor.

will continue for a considerable length of time, the cause for any delays in the underlying immigration proceedings, and whether the conditions under which the petitioner is confined are "meaningfully different from [punitive] criminal detention." *Id.* at 210-11. The most important factor in this analysis is the length of detention. *Id.* While the Third Circuit rejected a bright line rule as to how long detention must be before it becomes unreasonable, the Third Circuit has held in related cases that detention will in the ordinary case not become unreasonable until the detention has continued well beyond six months. *See Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.4th 321, 333 (3d Cir. 2021); *Chavez-Alvarez v. Warden York Cnty. Prison*, 783 F. 3d 469, 478 (3d Cir. 2015) (detention becomes unreasonable between six months and a year), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *see also Dryden v. Green*, 321 F. Supp. 3d 496, 502 (D.N.J. 2018).

Where an alien has already been detained for a lengthy period of time and is now detained pending an appeal of an immigration judge's decision which will likely last several months, a reviewing court must consider the likely length of the appeal in making its determination of the reasonableness of continued detention without bond. *See, e.g., White v. Warden Pike Cnty. Corr. Facility*, No. 23-2872, 2024 WL 4164269, at *1-2 (3d Cir. Sept. 12, 2024). If the Court finds that prolonged detention has become arbitrary and continued detention without bond amounts to an unconstitutional application of § 1226(c), the proper relief is to grant the alien a bond hearing before an immigration judge at which the Government bears the burden of justifying continued detention by showing by clear and convincing evidence that the alien is a flight risk or danger to the community. *German Santos*, 965 F.3d at 213-14.

In this matter, Petitioner has been detained in a private immigration detention facility for approximately one year. During that time, Petitioner was granted relief from removal by an immigration judge, but the order granting such relief is not yet final as the Government filed an

appeal with the Board of Immigration Appeals. That appeal is likely to take several months to resolve. Despite the immigration judge's findings, absent an order from this Court Petitioner's detention without bond is likely to continue for several more months. The evidence before the Court does not indicate that Petitioner has been responsible for any undue delay in his immigration proceedings, and his continued detention at this point is no fault of his own but rather the result of a Government appeal. Although the Court does not find that Petitioner's current detention in a non-criminal facility is equivalent to punitive criminal detention, Petitioner's continued detention in that facility is not so meaningfully different from criminal detention that the Court can excuse continued detention without bond on that factor alone in light of the considerable length of Petitioner's ongoing detention and the likelihood that he will remain in detention for several more months. Having reviewed the relevant factors, and especially in light of the year-long length of Petitioner's detention and the fact that the Government's appeal could result in another six months of detention, the Court finds that Petitioner's continued detention without a bond hearing has become so prolonged as to be arbitrary, and therefore amounts to an unconstitutional application of the statute under *German Santos*. Petitioner's habeas petition shall therefore be granted, and the Government shall provide Petitioner with an appropriate bond hearing before an immigration judge within seven days.

## IV.   CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **GRANTED**, and the Government shall provide Petitioner with a bond hearing before an immigration judge within seven days. An order consistent with this Opinion will be entered.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:**   October 14, 2025