**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISHAN WAHI,<br><br>                Petitioner,<br><br>      v.<br><br>YOLANDA PITTMAN, et al.,<br><br>                Respondents. | Civil Action No. 25-2207 (MAS)<br><br>**MEMORANDUM ORDER** |

      This matter comes before the Court on Petitioner's motion seeking to enforce the Court's order granting him a bond hearing. (ECF No. 24.) By way of background, in an October 15, 2025, Order and Opinion, the Court found that Petitioner's detention had become unduly prolonged and that Petitioner was therefore entitled to a bond hearing at which the Government would bear the burden of showing, by clear and convincing evidence, that Petitioner is either a flight risk or danger to the community pursuant to *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 209 (3d Cir. 2020). Petitioner received a hearing on October 21, 2025, at which the immigration judge found that the "Government has established by clear and convincing evidence that [Petitioner] is a danger to the community and a flight risk" and denied Petitioner release on bond. (*See* ECF No. 23-1 at 1.)

      In his motion, Petitioner concedes that he received a bond hearing but disagrees with the immigration judge's findings and determinations. Petitioner faults the immigration judge for not considering further alternatives to detention and thus contends that he did not receive what Due Process and this Court's order require. (*See* ECF No. 24.) The Court has reviewed the record,

including the recording of the bond hearing, and finds that Petitioner received the bond hearing *German Santos* and this Court's order required. The immigration judge made appropriate findings and applied the proper standard of law – whether the Government could establish by clear and convincing evidence that Petitioner was either a danger or a flight risk. Because Petitioner received the bond hearing that the Court's order granted him and all that he is due under *German Santos*, and because the Court generally lacks jurisdiction to second guess the findings of immigration judges in relation to the grant and denial of bond after a procedurally proper bond hearing, *see* 8 U.S.C. § 1226(e) ("[n]o court may set aside any action or decision by the Attorney General [or immigration judges acting under delegated authority] . . . regarding the . . . denial of bond"), Petitioner's motion must be denied.

**IT IS THEREFORE** on this 17th day of December, 2025, **ORDERED** that:

1. The Clerk of the Court shall re-open this matter for the purposes of this Order only;
2. Petitioner's motion to enforce the Court's judgment (ECF No. 24) is **DENIED**; and
3. The Clerk of the Court shall serve a copy of this Order upon the parties electronically, and shall **CLOSE** the file.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE